UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SOKOLSKYFILM, INC.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**SOTHEBY'S, INC.,**<br><br>*Defendant*, | **FIRST AMENDED COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT**<br><br>**Demand for Jury Trial**<br><br>**Case No.: 1:25-cv-04918-LAP** |

Plaintiff Sokolskyfilm, Inc., for its first amended complaint against Defendant Sotheby's, Inc. and alleges upon personal knowledge as to its own conduct, and on information and belief based on the investigation of Plaintiff's counsel, as to all other conducted alleged herein, as follows.

## I. INTRODUCTION

1. This is a case about copyright infringement under 17 U.S.C. §§ 101 et seq. and 505 et seq. arising from Defendant Sotheby's, Inc.'s copying, display, and distribution of a copyrighted photograph owned by Plaintiff Sokolskyfilm, Inc., in violation of the Copyright Act and in disregard of Plaintiff's rights.

2. Plaintiff also makes claims for copyright management information ("CMI") violations pursuant to 17 U.S.C. §§ 1202 and 1203 et. seq., for each instance the Photo was copied and displayed and the CMI information was deleted, altered, removed and/or false CMI was added by Defendant to its reproduction and display of the Photo.

3. Defendant Sotheby's, Inc., one of the world's most prominent auction houses and a sophisticated commercial entity with deep expertise in intellectual property, copied, displayed,

and distributed Plaintiff's copyrighted photograph without authorization or license on at least one occasion, in violation of the Copyright Act and with disregard for Plaintiff's rights.

## II. THE PARTIES

4.  Plaintiff Sokolskyfilm, Inc. ("Plaintiff" or "Sokolskyfilm") is a California Corporation.

5.  Defendant Sotheby's, Inc. ("Defendant" or "Sotheby's") is a foreign business corporation organized under the laws of Delaware and authorized to do business in New York under the name "Sotheby's Holdings" and fictitious name "Sotheby's" (see NY DOS ID: 3384933). It maintains its headquarters at 1334 York Avenue, New York, NY 10021, and operates internationally with a substantial and continuous presence in this District.

6.  Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, directors, executives, management, or employees, subsidiaries, or affiliates committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, executives, management, agents, servants, or employees.

## II. JURISDICTION AND VENUE

7.  This is a civil action for copyright infringement under the Copyright Act of 1976 (the "Copyright Act" or the "Act") and 17 U.S.C. §§ 101 *et seq.* and 505 *et seq.*

8.  This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights).

2

9. This Court has personal jurisdiction over Defendant because it maintains its corporate headquarters in New York and in this District. Defendant availed itself of the privileges of conducting business in this District and the State of New York and incurred benefits from the alleged infringement, such that this Court's assertion of jurisdiction over Defendants does nothing to offend traditional notions of fair play and due process.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 35 N.Y.C.P.L.R. §§ 302(a)(1)-(3) because Defendant (1) committed copyright infringement (2) in and expressly aimed at the forum state of New York (3) and caused harm in this District to Plaintiff.

11. Venue is further proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant is a corporation headquartered in this District.

## IV. FACTUAL ALLEGATIONS

### A. The Importance of US Copyright and Bundle of Rights

12. Copyrights are the legal title to intellectual property by which creators of original works, such as documentary films, protect their exclusive moral and economic rights to exploit those works.

13. Respecting and defending the financial value and exploitation rights of creators' copyrighted works is a bedrock of U.S. democracy, considered so important that the Founders enshrined the U.S. Constitution with specific references to copyrights, and which expressly gave Congress the power to "promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const. Article I, Section 8. "Copyright law encourages people to create

3

original works and thereby 'ultimately serves the purpose of enriching the general public through access to creative works.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1994).

14. The United States Supreme Court found that by "establishing a marketable right to the use of one's expression, copyright supplies the economic incentive to create and disseminate ideas." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 558 (1985).

15. Section 106 of the Copyright Act (the "Act") grants copyright owners the exclusive economic rights and control for value of their works. The Act makes it illegal to reproduce, create derivative works from, distribute, publicly perform, or publicly display copyrighted work except in limited instances, and provides for damages if any of these rights are infringed.

**B. Background on Plaintiff & the Photo**

16. Photographer Melvin Sokolsky ("Sokolsky") was an iconic fashion photographer who passed away in 2022. Throughout his career, Sokolsky received numerous accolades, including 25 Clio Awards and a nomination from the Directors Guild, underscoring his impact on both photography and television commercials. His work has been exhibited in major museums worldwide, including the Museum of Modern Art and the Louvre, solidifying his status as a significant figure in contemporary art and fashion photography.

17. Plaintiff Sokolskyfilm, Inc. is the business entity that Melvin Sokolsky created during his lifetime to control and license his intellectual property. It is now operated by his son, cinematographer, Bing Sokolsky.

18. Plaintiff Sokolskyfilm, Inc. continues to generate significant income from licensing fees for Sokolsky's copyrighted photographs, as well as from the sale of authorized

fine art editioned prints of those photographs. These works remain protected and commercially valuable intellectual property.

19. Plaintiff Sokolskyfilm, Inc. licenses Sokolsky's work through a rights-managed model, typically limited in scope, duration, and medium.

20. Plaintiff Sokolskyfilm, Inc. maintains a public-facing website at www.sokolsky.com where it, *inter alia*, promotes Melvin Sokolsky's body of work and solicits licensing inquiries.

21. Sokolsky created the photograph titled *Side Kick* (also known as *Sidekick*) (hereinafter, the "Photo") as part of a series of fashion-centric images featuring model Dorothea McGowan in Paris in 1965. The Photo is shown here:



5

22.     The Photo is registered with the U.S. Copyright Office under Registration No. TX 7-387-426, with an effective date of February 25, 2009. The registration corresponds to the Photo's apparent first publication in Melvin Sokolsky's book titled *Archive*, published the same year.[1]

23.     During his lifetime, Sokolsky produced a limited run of fine art editioned prints of the Photo, which he offered directly and through various private galleries.

24.     Plaintiff has, for example, sold multiple authorized prints of the 50 x 50-inch edition of the Photo at or near the stated retail price of up to $85,000.00 each, demonstrating the Photo's substantial value as a collectible fine art asset.

25.     Plaintiff has, on select occasions, licensed the Photo for limited display in fine art contexts, but has never authorized its use in advertising, promotion, or brand marketing.

26.     Plaintiff is currently the lawful owner of all rights, title, and interest in the Photo, including the copyright.

27.     Plaintiff holds these rights by operation of law and through assignment from Melvin Sokolsky and/or his estate.

28.     Plaintiff has never authorized or licensed the Photo to Defendant for any purpose.

**C.  Defendant's Wrongful and Infringing Conduct**

29.     On or about February 2025, Plaintiff discovered that Sotheby's publicly displayed the Photo on its official Facebook account[2] in connection with both the promotion of an online sale of fine art prints by a variety of photographers and Sotheby's own brand and services, as

---

[1] While one or more private sales of limited-edition prints may have occurred prior to 2009, such sales were not treated by Sokolsky as constituting legal publication for purposes of registration, nor is there any indication they constituted general publication under the applicable definition.

[2] https://www.facebook.com/sothebys/photos/a.120687408017445/194028734274100/?type=3

depicted below:



30. Plaintiff has no record of Sotheby's obtaining a license for its use of the Photo for advertising or any other purpose.

31. The Terms and Conditions of Sotheby's website[3] states:

*We respect the intellectual property rights of others, and require that all who use the Digital Platforms do the same. If you believe that your work has been copied in a way that constitutes copyright infringement, please forward the following information to Sotheby's Copyright Agent [...] Copyright Agent: General Counsel, Sotheby's, 1334 York Avenue, New York, New York 10021, E-mail: copyright@sothebys.com.*

32. Plaintiff, through counsel, contacted Sotheby's General Counsel directly regarding the unauthorized use of the Photo via email. Despite multiple requests to cease the use, provide proof of a license, and identify the source of the Photo, Sotheby's failed to respond or take any action to address the infringement prior to suit being filed.

33. Despite receiving multiple pre-suit notices via its General Counsel, and post-suit engagement through outside counsel, Sotheby's continues to display the Photo without

---

[3] https://www.sothebys.com/en/terms-conditions?locale=en

7

authorization as of the date of this Amended Complaint. This prolonged and knowing use—despite direct notice and the initiation of litigation—demonstrates, at a minimum, reckless disregard for Plaintiff's rights and supports a finding of willful infringement under the Copyright Act.

34. Upon information and belief, Sotheby's did not inadvertently publish the Photo, but rather selected and uploaded the image to promote its commercial brand and offerings.

35. The use of the Photo served to enhance the visibility of Sotheby's brand and offerings and thus exceeded any purported transactional or incidental display exception and infringed Plaintiff's exclusive rights under the Copyright Act.

36. Plaintiff is informed and believes that Sotheby's, in its unauthorized use, failed to preserve the Photo's copyright management information (CMI), including crediting Sokolsky as the author in its advertising campaign. The omission contributed to and enabled the infringement.

37. Plaintiff is further informed and believes that the removal or omission of CMI was done intentionally, with the purpose of concealing the infringing nature of the use.

38. Sotheby's is a sophisticated commercial actor with deep expertise in intellectual property and routinely enforces its own rights in proprietary artworks and images.

39. Sotheby's failure to obtain a license for its commercial use of the Photo, or to credit the Sokolsky as its author, despite the clear provenance of the work and its knowledge of Sokolsky as its creator, demonstrates reckless disregard for the rights associated with the Photo and supports a finding of willful infringement.

40. By using Plaintiff's copyrighted Photo for brand promotion purposes and advertising Sotheby's auction without a license, permission or legal excuse, and with full

knowledge that obtaining such authorization was required by law, Sotheby's deprived Plaintiff of the opportunity to negotiate and receive a reasonable commercial license fee.

41. Had Sotheby's afforded Plaintiff the opportunity to negotiate, Plaintiff would have required a license and corresponding fee for Sotheby's commercial use of the Photo, in keeping with its regular business practices.

42. Without the benefit of discovery, Plaintiff is unable to fully and accurately account for all uses Sotheby's has made of the Photo.

43. Unable to resolve its claim against Sotheby's, Plaintiff has been forced to initiate litigation, incurring additional and unnecessary legal costs.

44. By knowingly exploiting Plaintiff's copyright Photo without license, permission, or legal excuse—and by continuing to display the infringing use despite multiple formal notices and the commencement of litigation—Sotheby's has willfully infringed Plaintiff's rights in violation of the Copyright Act and caused damages in an amount to be determined at trial.

**D. Background on Defendant**

45. Established in 1744, Sotheby's "is the world's premier destination for art and luxury."[4] According to its own public statements, Sotheby's "promotes access to and ownership of exceptional art and luxury objects through auctions and buy-now channels including private sales, e-commerce and retail" in a "trusted global marketplace" backed by "an industry-leading technology platform and a network of specialists spanning 40 countries and 70 categories,"[5]

46. Among other things, Sotheby's routinely engages in the valuation, acquisition, promotion, display, and resale of fine art, including limited edition prints of iconic photographs

---

[4] *See*: https://www.sothebys.com/en/about?locale=en.
[5] *Id*.

such as the one at issue in this case.[6]

47. In 2024, Sotheby's reportedly generated around six billion dollars ($6,000,000,000), even in the face of sagging art sales in the global market.[7]

48. As a leading commercial platform for the sale, marketing, and distribution of fine art and luxury objects, Defendant possesses sophisticated knowledge of intellectual property rights.

49. Upon information and belief, Sotheby's routinely relies on the integrity and exclusivity of intellectual property to drive value in the marketplace.[8]

50. Upon information and belief, Defendant owns and manages various intellectual property, including copyrights and trademarks, and enforces them when it deems it necessary.[9]

51. Defendant utilizes a copyright disclaimer on its website ("(© 2025 Sotheby's") further indicating that Defendant understands the importance of copyright protection and intellectual property.

52. Because Defendant is a sophisticated art and luxury marketplace that regularly engages in the acquisition, marketing, display, and sale of copyrighted works—including limited

---

[6] *See, e.g.,* https://www.sothebys.com/en/about/services/sothebys-collectors-group?locale=en.

[7] Porterfield et al., *Sotheby's Made $6bn in 2024—but Sales Dropped for Second Consecutive Year*, The Art Newspaper (Jan. 23, 2025), https://www.theartnewspaper.com/2025/01/23/sothebys-made-6bn-in-2024but-sales-dropped-for-second-consecutive-year.

[8] *See* Isabel Vincent, *Sotheby's Settles Lawsuit Alleging It Helped Art Collectors Avoid Taxes on Works by Basquiat, Others*, N.Y. Post (Nov. 14, 2024), https://nypost.com/2024/11/14/us-news/sothebys-settles-lawsuit-alleging-it-helped-art-collectors-avoid-taxes-on-works-by-basquiat-others/ (reporting that Sotheby's settled allegations that it enabled buyers to evade taxes by misrepresenting their roles in high-value art transactions).

[9] *See, e.g.*, *PRC: Two Recent Judgments Against Trademark Infringement in China*, Mayer Brown (Feb. 29, 2008), https://www.mayerbrown.com/-/media/files/perspectives-events/publications/2008/02/prc-two-recent-judgments-against-trade-mark-infrin/files/news lclientalertipprc29feb08pdf/fileattachment/newsl_clientalert_ip_prc_29feb08.pdf (reporting that Sotheby's settled allegations that it enabled buyers to evade taxes by misrepresenting their roles in high-value art transactions).

edition photographs—it was aware, or at minimum, should have been aware, of Plaintiff's rights as a copyright holder and its own obligations under the Copyright Act when it used Plaintiff's copyrighted Photo to promote itself without authorization.

53. By exploiting Plaintiff's copyrighted Photo without a license, permission, or legal excuse, and with knowledge that such authorization was required by law, Sotheby's has willfully infringed Plaintiff's rights in violation of the Copyright Act and caused damages in an amount to be determined at trial.

## V. CAUSE OF ACTION

### COUNT 1

### Infringement of Copyright (17 U.S. Code §§ 106, 501)

54. Plaintiff incorporates herein by reference each and every allegation contained in each paragraph above.

55. Plaintiff is, and at all relevant times has been, the copyright owner with exclusive rights under United States copyright with respect to the Photo.

56. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce (copy), distribute, display, perform, and create derivative works from its copyrighted Photo per 17 U.S.C. §§ 106.

57. As more fully described above, Defendant, without Plaintiff's permission or consent, exploited Plaintiff copyrighted Photo within a post to its commercial Facebook account for the purposes of promoting itself to the public.

58. Defendant's use of the Photo deprived Plaintiff of a license fee for the use.

59. Defendant has violated Plaintiff's exclusive right to reproduce, distribute, publicly display the Photo.

60. Defendant never asked permission nor paid a licensing fee for the use of Plaintiff's copyrighted Photo despite Defendant knowing or should know that a license was required to use the Photo for advertising of Sotheby's auction for unrelated works.

61. Defendant never asked permission nor paid a licensing fee for the use of Plaintiff's copyrighted Photo despite Defendants knowing Sokolsky to be the Photo's author.

62. To its knowledge, Plaintiff never provided authorization to Defendant or its partners, agents, members, licensees, affiliates, employees, contractors, customers, subscribers, or retailers to use, copy, publicly display, distribute, license, manipulate, or otherwise exploit the Photo.

63. Defendant has not been able to show that Plaintiff ever provided authorization to Defendant or their partners, agents, members, licensees, affiliates, employees, contractors, customers, subscribers, or retailers to use, copy, publicly display, distribute, license, manipulate, or otherwise exploit the Photo.

64. Based on Defendant's extensive experience handling and monetizing copyrighted works in the art and luxury marketplace, Plaintiff is informed and believes that the aforementioned acts of infringement were undertaken with, at minimum, a reckless disregard for, and indifference to, Plaintiff's copyrights and exclusive rights under the Copyright Act, and support a finding of willful infringement.

65. Plaintiff has suffered damages as a direct and proximate result of Defendant's infringement of the copyrighted Photo.

66. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to an award of actual damages and profit pursuant to 17 U.S.C. § 504(b) or statutory damages pursuant to 17 U.S.C. § 504(c), with amounts to be proved at trial.

67. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights in Plaintiff's copyrighted Photo by Defendant and any persons acting in concert with the Defendant.

## COUNT 2

**Removal of Copyright Management Information (17 U.S.C. §§ 1202, 1203, et seq.)**

68. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

69. The original copy of Plaintiff's copyrighted Photo contained copyright management information protected under 17 U.S.C. § 1202, including, but not necessarily limited to visible text referencing Plaintiff's name, the title of the work and the date the Photo was created.

70. Upon information and belief, Defendant, intentionally left off Plaintiff's copyright management information from the Photo in publishing the advertisement knowing or having reasonable grounds to know that doing so would enable, facilitate, and/or conceal its infringing use of the Photo, a violation of 17 U.S.C. § 1202(b).

71. As a result of Defendant's wrongful conduct alleged herein, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to recover from Defendant the damages it sustained, and will sustain, along with any profits and advantages obtained by Defendant due to its violation of 17 U.S.C. § 1202, including attorney's fees and costs.

72. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) for each violation of 17 U.S.C. § 1202 of a minimum of $2,500 per violation and maximum of $25,000 per violation.

## VII. JURY TRIAL DEMANDED

73. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff respectfully demands a trial by jury of all the claims asserted in this Complaint so triable.

## VIII. RELIEF REQUESTED

74. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on his behalf adjudging and decreeing that:

   a. For an injunction providing: "Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in copyrighted photos, whether now in existence or later created, that are owned or controlled by Plaintiff ("Plaintiff's Photo"), including without limitation by using social media, Internet embedding technology, or any online media distribution system to reproduce (i.e. download) any of Plaintiff's photos, to distribute (i.e. cause to be displayed) any of Plaintiff's copyrighted photos, or to make any of Plaintiff's photos available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all physical (i.e., printed) copies of any of Plaintiff's photos in Defendant's possession, as well as any of Plaintiff's photos that Defendant has downloaded onto any computer hard drive or server."

   b. For Defendant to be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of their unlawful conduct.

c. For Plaintiff to be awarded either: (i) the actual damages Plaintiff has sustained and Defendant's profits, gains, or advantages of any kind attributable to Defendant's infringement of Plaintiff's copyrighted Photos pursuant to 17 U.S.C. § 504(b), or statutory damages, including enhanced damages for willful or reckless infringement, pursuant to 17 U.S.C. § 504(c).

d. For Plaintiff to be awarded either: (i) the actual damages Plaintiff has sustained and any profit obtained by Defendant for its violation of 17 U.S.C. § 1202 under 17 U.S.C. § 1203(c)(2), including attorney's fees and costs; or (ii) a minimum of $2,500 per violation and maximum of $25,000 per violation of 17 U.S.C. § 1202 under 17 U.S.C. § 1203(c)(3).

e. For Plaintiff to be awarded Plaintiff's costs and expenses incurred in bringing this action, including all reasonable attorneys' fees incurred herein, pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. § 1201 et. seq.

f. For Plaintiff to be awarded pre-judgment interest from the time of the infringement.

g. For such other and further relief as the Court may deem just and proper.

Dated: July 21, 2025.

Respectfully submitted,

*By: /s/ Bryan Hoben*
**HOBEN LAW**
Bryan D. Hoben, Esq.
1112 Main Street
Peekskill, New York 10566
347-855-4008
bryan@hobenlaw.com

*and*

15

                      James H. Bartolomei Esq.
                      SDNY Bar JB7747
                      Of Counsel at Duncan Firm, P.A.
                      809 W. 3rd Street
                      Little Rock, Arkansas 72201
                      Telephone: 501-228-7600
                      james@duncanfirm.com

                      *Attorneys for Plaintiff*